UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DISTRICT

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 3:18-cr-00078-MGL |
| vs. ) | |
| ) | |
| Joretta Jackson, ) | |
|     Defendant. ) | |
| _____ ) | |

## SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

**To:** The Honorable Mary Geiger Lewis
*United States District Judge*

In addition to the information provided in the Presentence Report, Ms. Joretta Jackson submits this sentencing memorandum and motion for variance from the advisory Sentencing Guidelines applicable in this case. When all of the relevant sentencing factors are considered, as outlined below, Ms. Jackson should be sentenced at a substantial variance from the 15-21 months suggested by the Sentencing Guidelines. Ms. Jackson respectfully asks this Court to consider a sentence that will allow her to continue making restitution payments and attend to her health condition.

1

## I. Relevant Facts

Ms. Jackson was found guilty after a trial by jury, on November 19, 2018, of two counts of Corruptly Endeavoring to Obstruct and Impede the Due Administration of the Internal Revenue Law, in violation of 26 U.S.C. §7212(a). Having maintained her innocence, she appreciates that the government had a different view of her actions. Now that a jury has decided the facts in the government's favor, she respects that verdict.

Ms. Jackson is a 65-year old woman who has never spent any time incarcerated. She does not have any prior criminal record. She does not drink, and she is the mother to four adult children. She has worked her whole life. She retired from the South Carolina Department of Social Services, and now she sells insurance.

Since counsel has undertaken to represent Ms. Jackson, she has been diagnosed with severe aortic valve blockage. She currently has a follow up appointment on April 29, 2019 and expects that she will be scheduled for surgery in the next couple of months. Her primary physician is Dr. Johan Hernandez of the Palmetto Health- USC Medical Group. She is also consulting with a cardiologist to determine the next course of action for her condition. She is exploring a second-opinion.

Ms. Jackson has also reached an agreement with the Internal Revenue Service regarding the outstanding restitution due as a result of her actions. The IRS has offered for Ms. Jackson to pay a sum of $7,100 in satisfaction of the outstanding balance due. Ms. Jackson has started the process of fulfilling her obligations by paying the first installment of $1,420 in September 2018. Since the IRS first extended its offer in compromise, Ms. Jackson has provided the agency with her profit and loss statements, and bank statements. A review of these documents must be finalized before the offer in compromise can be finalized. That process is on-going; it was apparently delayed by the federal government shutdown.

## II. Sentencing Factors

Ms. Jackson submits that when this Court carefully considers all of the sentencing factors laid out in 18 U.S.C. §3553(a), including the advisory sentencing guidelines, as calculated in the PSR, these factors weigh in favor of a sentence below the recommended Guidelines range.

### a. Nature and circumstances of the offense

There is no doubt that Ms. Jackson's offense was serious, and Ms. Jackson accepts the consequences of her actions. This Court, however, should consider that her offense was non-violent, and that no one was physically threatened or injured.

Though Ms. Jackson's crime injured the IRS, she is currently undertaking to make restitution.

    **b.**    **History and Characteristics of the Defendant**

Consideration of Ms. Jackson's history and characteristics strongly supports a sentence that does not involve incarceration. As noted above, Ms. Jackson has never spent any time incarcerated because she has absolutely no criminal record. She is 65 years old, with a serious heart condition. She is gainfully employed and has a stable residence. Consideration of these facts militates in favor of allowing her to remain free from prison so she may continue making payments to the IRS and attending to her health concerns.

    **c.**    **The Need for the Sentence Imposed**

Sentencing under Section 3553(a) must balance society's retributive impulses against the goal of rehabilitation in order to fashion a safer and more just community. A careful balancing of these goals should result in this Court's sentencing Mr. Chatman at a substantial variance from the sentencing guidelines.

        i.    Reflect the seriousness of the offense, promote respect for the law, provide just punishment.

A sentence below the advisory guidelines range of 15-21 months would still reflect the seriousness of the offense, promote respect for the law, and provide just punishment for Ms. Jackson. As a result of her actions, Ms. Jackson has had to report

her conviction to the South Carolina Department of Insurance which will impact her ability to continue selling some insurance. The consequences of her crime extend beyond what other criminal defendants may have to experience. This Court should consider these collateral consequences for Ms. Jackson in determining an appropriate sentence for her.

> ii. Afford adequate deterrence to criminal conduct and protect the public from future crimes.

Given Ms. Jackson's compliance with the terms of her bond, it is reasonable to conclude that sentence below the advisory 15-21 months is adequate to deter future criminal conduct and will protect the public from future crimes. Ms. Jackson has no history of violence or threatening conduct and has conducted herself appropriately while on bond.

> iii. Provide the defendant with training, care, or treatment in the most effective manner.

A term of incarceration is not necessary to provide Ms. Jackson with any training, care, or treatment. In fact, her continued release will allow her to continue making payments to the IRS and use her preferred medical provider to address her aortic valve blockage.

**d. Kinds of sentences available**

In addition to incarceration, this Court has a wide variety of sentencing tools available to address the retributive and rehabilitative goals of sentencing under Section 3553(a), including home confinement, community service, and supervision. Each of these tools should be considered by the Court in fashioning an appropriate sentence for Ms. Jackson's crime. Indeed, the government, prior to trial, offered a diversionary program to Ms. Jackson indicating that it, too, does not believe a sentence of incarceration is necessarily warranted in this case.

### d. Need to avoid unwarranted sentencing disparities

A sentence below the advisory guidelines of 15-21 months, for an older woman who has never spent any time incarcerated will not create the kind of unwarranted sentencing disparities that the United States Sentencing Commission was created to address. As we know with the recent passage of the First Step Act of 2018[1], Congress has recognized that incarceration for non-violent offenders is not necessary to achieve the retributive and rehabilitative goals of federal sentencing.

## III. Conclusion

For the foregoing reasons, Ms. Joretta Jackson respectfully requests this Court consider all available sentencing alternatives to fashion a sentence that takes into

---

[1] Also known as "The Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act" signed into law by President Donald J. Trump on December 21, 2018.

account her personal culpability and individual characteristics, and that is no greater than necessary to satisfy the retributive and rehabilitative goals of sentencing.

Respectfully submitted,

/s/ Elizabeth A. Franklin-Best
Elizabeth A. Franklin-Best
Federal ID Number: 9969
Blume Franklin-Best & Young, LLC
900 Elmwood Avenue, Suite 200
Columbia, South Carolina 29201
Telephone: 803-765-1044

April 22, 2019.

## CERTIFICATE OF SERVICE

Counsel hereby certifies that she has served a copy of this motion on Dewayne Pearson of the US Attorney's Office on this date, April 22, 2019, by filing via ECF.

/s/ Elizabeth A. Franklin-Best
Elizabeth A. Franklin-Best
Federal ID Number: 9969
Blume Franklin-Best & Young, LLC
900 Elmwood Avenue, Suite 200
Columbia, South Carolina 29201
Telephone: 803-765-1044